| | |
|---|---|
| MOSHOLU, INC., MICHAEL MARGULES, and EDWARD AMARAL, as assignees of JOHN BECKSTEDT, | No. 18 C 2721 |
| Plaintiffs, | Judge Thomas M. Durkin |
| v. | |
| SEAN GAVIN and MALCOM HERZOG, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mosholu, Inc., Michael Margules, and Edward Amaral, as Assignees of John Beckstedt, sued defendants Sean Gavin and Malcolm Herzog for breach of contract and unjust enrichment. Defendants move to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that the Court lacks subject matter jurisdiction because this case is ancillary to a collection proceeding pending in the Circuit Court of Cook County. R. 8. For the following reasons, the Court denies defendants' motion to dismiss.

### Standard

Rule 12(b)(1) authorizes the Court to dismiss any claim for which the Court lacks subject matter jurisdiction. Article III, Section 2 of the U.S. Constitution defines the outer bounds of the Court's subject matter jurisdiction; generally, a federal court's jurisdiction in a civil case arises from a federal question or diversity among the parties. *See* 28 U.S.C. §§ 1331, 1332; *see also Rabe v. United Air Lines, Inc.*, 636 F.3d

1

866, 872 (7th Cir. 2010). The plaintiff bears the burden of establishing the Court's subject matter jurisdiction once a defendant challenges it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When deciding a Rule 12(b)(1) motion, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007).

## Background

In 2012, defendants Gavin and Herzog each agreed to pay Beckstedt $1,050,000 in exchange for a transfer of 25% ownership interest in When 2 Trade Group, LLC ("W2TG"). R. 1 ¶¶ 8-10, 17-18, 23-24. It is undisputed that neither defendant paid Beckstedt. *Id.* ¶¶ 12-13; R. 13 at 4-5. Defendants claim they did not pay because Beckstedt never transferred the W2TG interests to them. R. 13 at 3-4.

On January 31, 2017, the same plaintiffs who later brought this lawsuit filed a petition to register a $1,675,000 California state court judgment against Beckstedt in Cook County Circuit Court. *Margules v. Beckstedt*, No. 17 L 050107 (Ill. Cir. Ct.). After registering the judgment, plaintiffs initiated garnishment proceedings in Cook County Circuit Court against Beckstedt and W2TG. *Id.* Those proceedings are ongoing. *See id.*

On January 11, 2018, the Cook County Circuit Court entered an order documenting an agreement between the parties. Beckstedt (as judgment debtor) agreed to assign to plaintiffs (the judgment creditors) "all of [Beckstedt's] right, title and interest in . . . all claims by Beckstedt against Sean Gavin related to the transfer

of membership interest in [W2TG]; and . . . all claims by Beckstedt against Malcom Herzog related to the transfer of membership interest in [W2TG]." R. 8-1.[1] The order provides that "[a]ny recovery obtained by the Judgment Creditors from either Gavin or Herzog, when received, shall be applied towards satisfaction of the judgment entered against Beckstedt." *Id.* On January 22, 2018, Beckstedt executed the assignments described in the January 11, 2018 order. R. 1-1; R. 1-2.

On April 16, 2018, plaintiffs filed this case. R. 1. They seek $1,050,000 from each defendant under breach of contract and unjust enrichment theories for failing to compensate Beckstedt for the interests in W2TG defendants allegedly received in 2012. R. 1 ¶¶ 12-13. Plaintiffs say this Court has diversity jurisdiction under 28 U.S.C. § 1332 because plaintiffs are citizens of California and defendants are citizens of Illinois, and the amount in controversy exceeds $75,000. *Id.* ¶¶ 1-6.

## Analysis

Defendants' motion to dismiss argues that this case is an ancillary garnishment action that must proceed in the Cook County Circuit Court. In support, defendants rely primarily on *Pinellas Cty. v. Great Am. Mgmt., & Inv., Inc.*, 762 F. Supp. 221 (N.D. Ill. 1991). In *Pinellas*, Pinellas County registered a Florida state court judgment in Cook County Circuit Court. *Id.* at 222. In the underlying proceeding, Pinellas County had sued various defendants for engineering failures in a water pipeline system. *See id.* Pinellas County then filed an action in federal court

---

[1]    Courts may take judicial notice of public court documents like this one when deciding a motion to dismiss. *E.g.*, *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994).

asserting diversity jurisdiction and alleging that an Illinois-based management company possessed two promissory notes payable on demand to one of the defendants in the Florida action. *Id.* Pinellas County sought to satisfy the judgment registered in Cook County Circuit Court by garnishing the management company's notes pursuant to the Illinois garnishment statute, 735 ILCS 5/12-701. *Id.* The district court dismissed Pinellas County's action for lack of subject matter jurisdiction, holding that a "plain reading" of 735 ILCS 5/12-701 suggested that garnishment actions are "post-judgment proceeding[s] in which jurisdiction is retained by the court which entered the judgment." *Id.* at 223. Additionally, the *Pinellas* court explained, "[n]othing in the language or history" of the Illinois Uniform Enforcement of Foreign Judgments Act ("UEFJA") indicated that the district court could "transmute a foreign state court judgment into [a] federal court judgment for the purposes of collection." *Id.* at 224.

Defendants say this case is just like *Pinellas*. The Court disagrees. The plaintiffs in this case do not seek relief under the Illinois garnishment statute to collect on a foreign state court judgment. *See* R. 1. They seek judgments against defendants for breach of defendants' 2012 agreements with Beckstedt and for unjust enrichment. *See id.*

It is true that plaintiffs likely could have sought the same relief in a garnishment proceeding pursuant to 735 ILCS 5/2-1402(c)(6), which "applies when [a] third party *may* be indebted to the debtor and allows the judgment creditor to maintain a separate action on that basis." *Rizvi v. Allstate Corp.*, 833 F.3d 724, 726

(7th Cir. 2016) (emphasis in original). Defendants—third-parties to the Circuit Court action—may be indebted to Beckstedt, the judgment debtor in Circuit Court, and plaintiffs as judgment creditors could have sued defendants under 735 ILCS 5/2-1402(c)(6) to try to collect that debt.

But the fact that plaintiffs could have brought a garnishment proceeding instead of a breach of contract and unjust enrichment action does not mean they had to do so, or that they had to do so in Cook County Circuit Court. To the contrary, the Seventh Circuit has held that a garnishment proceeding pursuant to 735 ILCS 5/2-1402(c)(6) is a removable, "independent" action properly adjudicated by a federal court where there is a basis for subject matter jurisdiction and the action "brings in a new party and raises new and distinct disputed issues." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 725 (7th Cir. 2012)[2]; *accord Rizvi v. Alikhan*, 2015 WL 3906031, at *3 (N.D. Ill. June 24, 2015), *aff'd sub nom. Rizvi*, 833 F.3d 724 ("Since the garnishment action involves a new party and new issues, it is an action independent from the underlying action" under *Travelers*); *see Hairrell v. Winterville Marine Servs., Inc.*, 2004 WL 2931273, at *1 (N.D. Ill. Dec. 16, 2004) (same, and citing *Pinellas* disfavorably).

Even if this case had been brought as a garnishment action under 735 ILCS 5/2-1402(c)(6), it would satisfy the standard set forth by the Seventh Circuit in

---

[2]     Defendants rely on principles from *Eclipse Mfg. Co. v. U.S. Compliance Co.*, 2006 WL 42395, at *3 (N.D. Ill. Jan. 4, 2006), regarding when a garnishment action under 735 ILCS 5/2-1402(c)(6) may be adjudicated in federal court. R. 19 at 2. But the Seventh Circuit in *Travelers* overruled *Eclipse*. *See Travelers*, 689 F.3d at 726 ("We believe the *Eclipse Manufacturing* court erred.").

*Travelers*. This case involves new parties—*i.e.*, defendants, who are not parties in the Cook County Circuit Court case. And it raises new and distinct issues. Namely, it raises breach of contract and unjust enrichment claims regarding the 2012 agreements, as well as defenses to those claims, including defendants' denial that they ever obtained an interest in W2TG. *See* R. 1; R. 13 at 4. These determinations have not been made by the Circuit Court, nor will they be part of the current state proceedings, which solely pertain to discovery of Beckstedt's assets. *See Margules v. Beckstedt*, No. 17 L 050107 (Ill. Cir. Ct.). The Circuit Court's January 11, 2018 agreed order does nothing to change this conclusion. That order, and the corresponding assignments, simply govern what will happen to any recovery obtained by plaintiffs on their claims against defendants. *See* R. 8-1; R. 1-1; R. 1-2. They do not specify where those claims must or will be adjudicated.

In sum, this case is "independent" from the Circuit Court proceedings and properly adjudicated in federal court as long as the requirements for diversity jurisdiction are satisfied. *See Travelers*, 689 F.3d at 725. And those requirements are undisputedly satisfied here. There is complete diversity because plaintiffs are citizens of California and defendants are citizens of Illinois (R. 1 ¶¶ 1-5), and the amount in controversy ($1,050,000 for each defendant) well exceeds the $75,000 threshold (*id.* ¶¶ 21, 27). *See* 28 U.S.C. § 1332. This Court therefore has subject matter jurisdiction over this case.

## Conclusion

For the foregoing reasons, the Court denies defendants' motion to dismiss [8].

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: July 19, 2018